286 P.2d 322

**STATE of New Mexico, on the relation of John H. BLISS, State Engineer, Plaintiff-Appellee,**

**v.**

**C. E. ALEXANDER, Dub Andrus, Luther Cooper, Troy Collier, Martin Hughes, Paul Young, Defendants,**

**Troy Collier, Appellant.**

No. 5905.

Supreme Court of New Mexico.

July 5, 1955.

Rehearing Denied Aug. 11, 1955.

Heidel & Swarthout, Lovington, for appellant.

Richard H. Robinson, Atty. Gen., Charles D. Harris, Sp. Asst. Atty. Gen., for appellee.

G. T. Hanners & Howell Spear, Lovington, for appellee Young.

COMPTON, Chief Justice.

The State of New Mexico, on relation of the State Engineer, brought this action for a declaratory judgment, determining the order of priority of various applicants for the unappropriated waters of the Lea County Underground Basin, particularly underlying Township 16 South, Range 38 East.

At a hearing on the merits, the court made the following finding:

"That application No. L–1224 was duly filed with the State Engineer by the defendant Troy Collier on April 16, 1952, and notice of the filing thereof was timely published; that at the time of the filing thereof, the State Engineer had previously found, and by appropriate published order, publicly declared that there was no unappropriated water in the Basin from which said applicant was applying for a permit to appropriate; and that on April 17, 1952, the State Engineer advised the defendant Troy Collier by letter that it was his intention and decision to deny said application No. L–1424 and advised such defendant of the basis for such denial, and that no appeal was taken by such defendant from the decision, act or refusal to act of the State Engineer."

Appellant Collier challenges the finding on the ground that an appeal was not then available to him. On December 28, 1948, by an administrative order, the basin was closed to further appropriation, except for domestic use. Subsequently, on December 31, 1952, the engineer ascertained there were additional unappropriated waters in the particular township of 2,905 acre feet, issued and published an order to that effect. Meanwhile, on April 16, 1952, Collier filed application No. L–1424 for a permit to appropriate 480 acre feet per annum for irrigation. Admittedly, prior applications not involved here will, at the consumptive use rate employed by the engineer, so exhaust the available water that there will remain only enough to grant either the Collier or the application of appellee Young, subsequently filed, but not both.

The court's finding rests upon a letter written by the engineer to Collier the day following the receipt of his application. The letter reads:

"Mr. Troy E. Collier
"Box 1211
"Vernon, Texas

"Dear Sir:
"Enclosed herewith is Notice of Publication of your Application No. L–1424. Please see that the Notice is published in a newspaper of general circulation in Lea County, and that proof of publication is filed in this office not later that May 27, 1952.

"The Lea County Underground Basin was closed to all further appropriations except for domestic use on December 31, 1948, (1945), as it is the belief of the State Engineer that the entire waters of this basin within which said lands are situated are fully appropriated. It is, therefore, the intention to deny said application unless information is presented which would alter the State Engineer's belief.

"In order that your position may be presented to the State Engineer before he takes final action upon this application, you are entitled to an appeal before him or to present your views and any pertinent information to him in writing. If hearing is desired, please advise the date and hour when you will be in this office. If a written statement will be submitted, please advise the approximate date when we may expect to receive it.

"Sgd. John H. Bliss
"State Engineer"

The decisive question on appeal is whether the letter constitutes a decision, act, or refusal to act, as contemplated by sections 75–6–1 and 75–11–10, 1953 Comp., from which an appeal may be taken. The sections read:

"Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may take an appeal to the district court of the county wherein such work, or point of desired appropriation, is situated; Provided, notice of such appeal shall be served by appellant upon the state engineer and all parties interested, within thirty (30) days after notice of such decision, act or refusal to act, and unless such appeal is taken within said time, the action of the state engineer shall be final and conclusive. * * *"

"The decision of the state engineer shall be final in all cases unless appeal be taken to the district court within thirty (30) days after his decision as provided by section 151–173 of the 1929 New Mexico Statutes Annotated (75–6–1)."

Turning to the letter, does it have the finality as to put Collier on notice that an appeal was available to him; we think not. There was no denial of the application. The letter was simply a form letter sent by the engineer to all applicants for permits filed after the basin was closed. If it were intended as denial of Collier's application, the requirements in the first paragraph were futile; appellant did publish the notice as directed. What is meant by the term "intention to deny said application"? What is meant by the term "before he (the engineer) takes final action upon this application"? Why did the engineer not use the prescribed form for denying the application, if he intended to deny the same? This all adds up to the fact that the engineer at the time was making further research of the basin's possibility and final action on the application depended upon such further study. It is clear that the engineer was to do something further before final action would be taken by him.

We conclude that as between Collier and Young, Collier is entitled to priority. The judgment will be reversed and remanded

with directions to the trial court to reinstate the case upon its docket and enter an order awarding Collier's application priority date of April 16, 1952. And it is so ordered.

LUJAN, SADLER and KIKER, JJ., concur.

McGHEE, J., not participating.